### 25351. CHENOWETH v. SMITH, Warden.

SUBMITTED SEPTEMBER 8, 1969—DECIDED SEPTEMBER 29, 1969.

*Robert D. Peckham, Charles T. Erion*, for appellant.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Mathew Robins, Assistant Attorneys General*, for appellee.

MOBLEY, Presiding Justice. This appeal is from the denial of the petition for writ of habeas corpus brought by the appellant, who is serving a sentence of 15 years for automobile larceny in the State Penitentiary.

Counsel for the appellant in his brief states that the enumerations of error raise two questions, to wit: (1) Whether the appellant upon his trial and conviction was denied effective assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitution (*Code* § 1-806), and by Art. I, Sec. I, Par. V (*Code Ann.* § 2-105) of the Constitution of Georgia; and (2) Whether the appellant was denied effective assistance of counsel on appeal and right to appeal, as guaranteed by the Sixth and Fourteenth Amendments of the Constitution of the United States (*Code* §§ 1-806 and 1-815), and as guaranteed by Art. I, Sec. I, Pars. III and V of the Constitution of Georgia (*Code Ann.* §§ 2-103 and 2-105).

■ As to the first contention, after careful and exhaustive study of the briefs of counsel and the record, including the findings and judgment of the trial court in denying the writ, we have concluded that the trial court was correct in holding that the appellant was not denied effective assistance of counsel upon the trial of his case, and that the grounds pertaining to the first question are without merit.

■ As to the second question, we are of the opinion that the trial court erred in finding that the appellant was not denied assistance of counsel on appeal.

The record shows that after the appellant's conviction, the trial judge entered an order appointing Woodrow Tucker, an attorney of the Atlanta Bar, to represent him on appeal. The record does not disclose whether Mr. Tucker ever received notice of his appointment, ever agreed to serve, or did serve. The appellant testified that he tried to get in touch with Mr. Tucker, wrote him at his office and at his home, and that he wrote the judge, the solicitor general, and also the attorney general, "pertaining to it," and received no communication from any of them. The record shows that the appellant himself filed notice of appeal prior to the appointment of Mr. Tucker to represent him on appeal. The record in the Court of Appeals, a copy of

which is in the record in the present case, shows that the case was dismissed by that court for lack of prosecution.

These facts clearly establish that the appellant was not represented by counsel on the appeal of his case. He wanted counsel; he sought counsel; and he was entitled to counsel. The Supreme Court of the United States in Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493), held: "The failure to grant this indigent petitioner seeking initial review of his conviction the services of an advocate, as contrasted with an amicus curiae, which would have been available to an appellant with financial means, violated petitioner's rights to fair procedure and equality under the Fourteenth Amendment." (Three Justices dissenting.) See also Douglas v. California, 372 U. S. 353 (83 SC 814, 9 LE2d 811), where the court held that: "Where the merits of the one and only appeal an indigent has as of right are decided without benefit of counsel in a state criminal case, there has been a discrimination between the rich and the poor which violates the Fourteenth Amendment."

The appellant's failure to have counsel on appeal requires the grant of his petition for writ of habeas corpus. The judgment is reversed with direction that he be returned to Fulton County for retrial. See *Sims v. Balkcom*, 220 Ga. 7, 15 (136 SE2d 766).

*Judgment reversed with direction. All the Justices concur.*